# Lane *vs* Coleman, &c.

### ERROR TO THE MADISON CIRCUIT.

*Powers of attorney. Trusts. Equitable compensation to agents.*

CHIEF JUSTICE MARSHALL delivered the opinion of the Court.

IT is apparent from the evidence in this record, that Lane acted, for six or eight years or more, as the agent of Coleman in the preparation and management of a very burthensome litigation, in which he incurred great personal trouble as well as expense. It is obvious too, that his services were highly useful and must have been rendered by some one in the character of agent, as Coleman was entirely incompetent himself, and seems

CHANCERY.

*Case* 143.

*September* 23.

Case stated.

to have done nothing in the active conduct of the suits, and his attorneys seem not only to have recognized Lane, but to have depended on him in the sphere of the business in which he acted. These circumstances, in addition to the express evidence of authority from and recognition by Coleman, during the progress of the litigation, leave no room to doubt that Lane was, from the first, the authorized agent of Coleman, and that he was entitled to a fair compensation for his services and expenditures. This was, indeed, admitted after the termination of his agency, by Coleman, and also by Harris, who now claims, and was perhaps at the time, interested in the subject and proceeds of the litigation and the fruits of Lane's services. This fair compensation to Lane may, therefore, and should be regarded as a part of the expenses of the litigation, which in the final adjustment of the matter, if not before, Coleman was in good faith bound to pay or provide for. And as this obligation was recognized by himself and Harris about the time when the written transfer of the proceeds of the suits was made from the former to the latter, as evidenced by the power of attorney to Turner, directing him, out of the proceeds of the suits, to pay all costs and expenses of the suits, including attorney's fees, and to pay the residue to Harris, we are of opinion that by a proper construction of this instrument with reference to the subject and circumstances to which it applies, the phrase "expenses of the suits," must be understood as embracing this just compensation to Lane for his services and expenditures. Indeed, if it was only intended to secure the legal costs and attorney's fees, this being expressly provided for, the words "and expenses of the suits" would be wholly superfluous. But as there was, in fact, a subject connected with the matter of the instrument, to which these words may apply, and which should in propriety have been provided for, and which the parties may be presumed to have intended to provide for, these words cannot be rejected, but should have their full effect in application to the subject referred to. Under this power of attorney, Lane is entitled to claim, out of the proceeds of the suit, in the hands of the at-

torney therein named, who is in effect a trustee, a fair and just compensation before Harris is entitled to any thing.

It is true, Harris claims also under a separate transfer, bearing the same date with this power, and which does not, in terms, except or reserve any thing for expenses beyond the officer's and attorney's fees. But he also claims under the power of attorney which was, in fact, written by an attorney, at the joint request and under the joint instruction of himself and Coleman, and for the purpose of evidencing and securing the interest of Harris, as well as the other objects mentioned therein.

And we are of opinion that so far as the rights and interests of *third persons* are concerned, the provisions made in the power of attorney must prevail over those contained in the other transfer, either by controlling the construction of the latter instrument, if it can by construction be made to harmonize with the former, or by superseding or displacing such of its terms as are utterly repugnant. The power of attorney, besides being written by a person of skill under the circumstances above stated, was on the day of its date, acknowledged by Coleman before the proper officer, upon whose certificate of the fact, it was, within due time, recorded in the proper office of the county in which the land to which it refers is situated. It was, therefore, a public instrument, made and recorded for the purpose of evidencing to the public the rights which it creates, and it vests certain interests in the agent or trustee, and imposes on him certain duties for the security and effectuation of those rights. It provides, in effect, for the appropriation of certain property of the grantor to the satisfaction of certain just claims against him, and then to the benefit of Harris. It is, in effect, a deed of trust, first for the benefit of certain just claimants or creditors, and after they are satisfied, for the benefit of Harris, of the justice or extent of whose claim there is little evidence. The other instrument purporting to transfer the same subject directly to Harris, with a reservation in favor of a part only of the just claims provided for in the power of attorney, was a private and

LANE
vs
COLEMAN, &c.

An agent acting under a power of attorney duly recorded, which provided for the payment of the costs of the litigation arising in the transaction of the business, held to be entitled to compensation for his services and expenses in and about the business of the agency—and his equitable claim to compensation regarded as superior to that of a transferee of the fruits of the litigation.

unattested instrument, which if executed on the same day, was never (so far as appears,) known or exhibited to any third person, until long afterwards, nor in fact until after Lane, whose claim it excludes, had filed his bill claiming compensation for his services, and attaching the subject of the transfer to secure satisfaction. If it was, in fact, executed on the day of its date, it should,. in the absence of all evidence on the subject be presumed, if such presumption were necessary to the superior efficacy of the provision made in the power of attorney, that it was executed at a later hour of the day. Such a presumption would derive strength from the fact that the power of attorney was drawn under the dictation of the parties, for the purpose of showing the real nature of the transaction between them, and under the express declaration that they preferred an instrument in that form, to an absolute deed or transfer. The same circumstances, with others before mentioned, must also be deemed sufficient to give effect to all the provisions of the power of attorney, for the benefit of third persons, though repugnant to the other instrument, without regard to the priority of the execution of one or the other on the same day. But the same circumstances, with other facts not necessary to be stated, tend strongly to the conclusion that the secret transfer was not, in fact, executed on the day of its date, nor until after the institution of Lane's suit and attachment. Without, however, laying any stress on this conclusion, we are of opinion, upon the other grounds above stated, that Lane is entitled to a fair compensation for his services and expenses, out of the funds arising from the suit, in which they were rendered, and out of the subject of those suits as recovered by Coleman, before Harris can get any thing. And although the amount of this compensation cannot be determined with precision, we are satisfied that the amount of the judgment against him for rent, even in addition to the small piece of land conveyed to him by Coleman, if that is to be regarded as a part of his compensation, would not be excessive; and we think a perpetuation of the injunction against that judgment, with the costs of this suit, would, in ad-

dition to the land already conveyed to him, be a fair compensation and the appropriate relief in the present case.

Wherefore, the decree is reversed and the cause remanded, with directions to render a decree in conformity with this opinion.

*Herndon and Runyan* for plaintiff; *Turner* for defendants.